In the Matter of the Estate of MICHAEL BARRY, Deceased.

Surrogate's Court, New York County, August 23, 1929.

*John A. Bolles* [*Edwin L. LaCrosse* of counsel], for the petitioner.

*William L. Rumsey,* for the respondent.

O'BRIEN, S. Decedent died in February, 1927, aged about seventy-eight or seventy-nine years. This discovery proceeding was instituted to recover possession of sixteen bonds in the possession of Annie F. Florence, whose husband, now deceased, was a nephew of decedent. The latter had made his home with Mrs. Florence for nineteen or twenty years. He paid five dollars a week for board and lodging up to the time of an agreement hereinafter mentioned, and after said agreement he paid nothing, but continued to live with Mrs. Florence and her family until his death; *in fact, during all of the court proceedings to which we shall refer, he continued to make his home with respondent.*

Answering the petition herein respondent claimed that the bonds were given to her by decedent. The precise questions raised by the answer were as follows:

1. Was an agreement executed on December 14, 1921, between Michael Barry and Annie Florence a valid one?

2. If said agreement was a valid one, were the terms of the agreement fully performed by Annie Florence as to the promise on her part to deliver to Michael Barry two New York city $1,000 bonds?

During the trial, when it was disclosed that respondent had, in 1925, received the proceeds of a satisfied mortgage for $10,000, petitioner was permitted, by consent of the respondent, to enlarge the scope of the issues by putting in issue the title to said proceeds, so that there was then presented the additional issue:

3. Was a check dated October 13, 1925, drawn to the order of Michael Barry by a New York title and guaranty company, indorsed and given by Michael Barry to Annie Florence?

Were we dealing here with the gift alleged to have been made in April, 1921, of the sixteen bonds without the lapse of so many years, and without the record of court proceedings, the written contract, the discontinuance of the court proceedings and the apparent acquiescence of decedent for a period of five years, a difficult question would be presented. But here the solution is simple and for the following reasons: (1) Respondent had possession of the sixteen bonds from April 9, 1921. She claimed decedent had given them to her. Her testimony was neither objected to, nor was any proof given to contradict it. (2) Barry, through his attorney, in December of 1921, summoned respondent to a magistrate's court to recover possession of the bonds. After a hearing the proceeding was discontinued. (3) On December 14, 1921, Barry and Mrs. Florence entered into a formal agreement drawn by an attorney under which she agreed to deliver over to the decedent two $1,000 bonds provided the decedent relinquished any claim he might have or had asserted to fourteen other $1,000 bonds, which he did. The respondent agreed to pay to the decedent during his lifetime the interest received by her on said bonds, and the agreement recited that the payment of said interest to the decedent shall not affect the right, title, interest and ownership of the respondent to the said bonds nor to the sale or disposition thereof. She further agreed that the decedent should be permitted to make his home with her and her family " as he has heretofore been accustomed and. he shall receive the same support and care from the party of the second part as he has been accustomed to receive during the remainder of his natural life."

4. Respondent complied with the terms of this agreement by returning to Barry outright two bonds, and by turning over to him the income of fourteen bonds as it was received.

5. Two weeks after the agreement Barry made a gift to her of the two bonds, thus making her the owner of the whole sixteen bonds.

6. The Supreme Court action was instituted in January, 1922, by Barry to recover the bonds. Upon the stipulation of the plaintiff Barry and the defendant Florence, this action was discontinued upon an order of Judge BIJUR.

From the evidence presented I am convinced that Barry considered the whole matter closed when he agreed to the discontinuance of this action. From the date of the entry of the order to his death Barry never asserted any claim to the bonds, so far as the proofs go, but apparently acquiesced in respondent's ownership of the bonds.

It is important that no proofs directly upon the issues were presented by the petitioner, and no objection was raised under

section 347 of the Civil Practice Act by petitioner to respondent's testimony. Furthermore, there is no proof, nor any testimony from which either a fair deduction or inference may be made that decedent, at the time of the original gift, at the time of the contract, or at the time he agreed to the discontinuance of the action, was not mentally competent. I believe respondent told the truth with respect to all these matters, as well as with respect to the gift of the two bonds two weeks after the agreement was signed.

I hold, therefore, that the agreement executed was a valid one, that it was fully performed by respondent, and that she is the rightful owner of not only the fourteen bonds but of the additional two bonds.

As to the proceeds of the mortgage for $10,000, the testimony of respondent's witnesses has not been contradicted in any way. I hold that said proceeds were given to her by decedent.

Submit decree.